IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>[1] CRUZ ROBERTO RAMOS-GONZÁLEZ,<br><br>Defendant | criminal 07-0318 (PG) |

ORDER OF DETENTION PENDING TRIAL

In accordance with section 3142(f) of the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-51, a hearing was conducted today for the purpose of determining whether to detain defendant Cruz Roberto Ramos-González, who has been indicted in 10 counts of a 10-count indictment with participating in a conspiracy to knowingly and unlawfully possess with the intent to distribute quantities of heroin, cocaine, cocaine base and marijuana within 1,000 feet of the real property comprising a public housing facility, or a public school, located in Yabucoa, Puerto Rico.  See 21 U.S.C. §§ 846 and 860.  He is also charged with aiding and abetting, 18 U.S.C. § 2, weapons law violations, 18 U.S.C. §§ 924(c)(1)(A) and (o), conspiracy related to and aiding and abetting in tampering with a government witness, 18 U.S.C. §§ 1512(b), (b)(1), and (k), and 2, and aiding and abetting in the bribery of a government witness.  18 U.S.C. §§ 201(b)(3) and 2.

CRIMINAL 07-0318 (PG)                           2

Under 18 U.S.C. § 3142(b), in making a determination regarding detention, the court must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions of release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' defendant's presence at trial. . . . " United States v. Pérez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); see United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See United States v. Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no

CRIMINAL 07-0318 (PG)                3

combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, outlined in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A).

The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Thus, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of . . . the community . . ." is

CRIMINAL 07-0318 (PG)                    4

triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(A); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion.  Id. at 380-81.

Here, I find that the defendant fails to rebut the presumption with regard to risk of flight.  At all relevant times, the defendant was the leader of a drug distribution organization in Yabucoa, Puerto Rico.  While the pretrial services report reflects that he has traveled to the Dominican Republic "for vacation purposes," information received at the hearing reveals that he worked in a restaurant there for two years and indeed was arrested by members of the Dirección Nacional de Control de Drogas (DNCD), the specialized narcotics law enforcement agency of the Dominican Republic.  The defendant proffered that he lived there under his correct name and denied using any false name when confronted with a proffer to the contrary of the United States.  The United States then riposted that when he was arrested in the Dominican Republic, he gave a false name and possessed a Dominican national identification card number 2250049623-1 in the name of Luis Reyes Castro which states he was born in 1969 in San Felipe, Villa Mella, República Dominicana.  Furthermore, he had in his

CRIMINAL 07-0318 (PG)                    5

possession five cellular phones, which are easily recognizable tools of the drug trade, in quality and in numbers.  See, e.g., United States v. Cleveland, 106 F.3d 1056, 1061 (1st Cir. 1997); United States v. De La Cruz, 996 F.2d 1307, 1311 (1st Cir. 1993); United States v. Gomez Bernabe, 781 F. Supp. 2d 848, 851 (D.P.R. 1991).

"To gild refined gold,. . . to smooth the ice, or add another hue unto the rainbow . . . is wasteful and ridiculous excess." King John, Act IV, sc. 2.  This defendant is precisely the type of individual Congress envisioned when it established the statutory presumption.  See, e.g., United States v. Hilario-Reyes, 218 F. Supp. 2d 185, 187 (D.P.R. 2002); United States v. Santana Burgos, 176 F. Supp. 2d 106, 108 (D.P.R. 2001).

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing, including the defendant's participating in the charged conspiracy while on parole for a second degree murder conviction, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Upon full consideration of the detailed arguments offered by the government and defense, I am satisfied that the defendant has not rebutted the presumption that he poses a serious risk of flight.

CRIMINAL 07-0318 (PG)                          6

Accordingly, it is ORDERED that the defendant CRUZ ROBERTO RAMOS-GONZÁLEZ be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

In San Juan, Puerto Rico this 20th day of April, 2009.

                                        S/JUSTO ARENAS
                                 Chief United States Magistrate Judge