**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **(1) CRUZ ROBERTO RAMOS-GONZALEZ**, <br><br> Defendant. | CIV. NO. 07-318 (PG) |

**ORDER**

On November 3, 2009, a jury found co-defendant Cruz Roberto Ramos-Gonzalez ("Ramos" or "Defendant") guilty on six (6) counts relating to charges of conspiring to distribute narcotic controlled substances within 1,000 feet of a school zone and a public housing project, and of conspiring to possess firearms in furtherance of these drug trafficking crimes. Before the Court now are a "Motion to Dismiss Indictment for Prosecutorial Misconduct" (Docket No. 2329) and a "Motion to Disqualify Assistant United States Attorney Dina Avila" (Docket No. 2471) filed by Ramos. In the Motion to Dismiss (Docket No. 2329), the Defendant requests that this Court dismiss the Indictment as a result of the prosecution's failure to turn over allegedly exculpatory and impeachment evidence to the defense prior to trial. In its Motion to Disqualify (Docket No. 2471), the Defendant requests that this Court disqualify Assistant U.S. Attorney Dina Avila ("AUSA Avila") from any further participation in this case for the same failure and for having had to testify as witness in this case. The government responded denying Ramos' allegations and opposing all of his requests. See Docket No. 2485.

In addition to the foregoing, the Defendant had filed a motion for new trial (Docket No. 2125) grounded, in part, on the same alleged prosecutorial violations as the ones raised in the motions to be discussed herein. According to Ramos, the withholding of this evidence in question from the defense prevented an effective cross-examination and impeachment of the government's "star witness," therefore depriving Ramos of a fair trial to a degree sufficiently warranting a new trial. To that effect, on June 8, 2010, the Court held an evidentiary hearing to establish a thorough factual foundation surrounding Defendant's allegations of newly-discovered

exculpatory and impeachment evidence and in order for the Court to rule on the pending motions. At the hearing, AUSA Avila was called as a witness to testify as to her knowledge of the government's witness' letter that was not belatedly produced, its contents, wording, and omissions or alterations. She was asked about how she discovered the letter and when she disclosed it. She was also questioned as to nature of her conversations with this witness, including any promises or benefits offered to him, predating as well as succeeding the disclosure of the letter. Defendant also confronted AUSA Avila with two (2) additional pieces of evidence that they alleged contained exculpatory and impeachment material.

Based on this Court's observations during the proceedings and an analysis of the relevant caselaw, an Opinion and Order dated October 8, 2010 was entered finding that AUSA Avila did not withhold the contested evidence in bad faith and that a reasonable probability that the result of the trial would have been different, had the government disclosed the evidence in question, did not exist. See Docket No. 2488. On the contrary, the Court held that the undisclosed evidence was merely cumulative, and that although it should have been turned over to the defendants, the fact that it was not did not deprive them of a fair trial understood as a trial resulting in a verdict worthy of confidence. See id.

Ramos seeks that the Indictment be dismissed in light of the prosecution's misconduct in intentionally concealing evidence until after trial. See Docket No. 2471. Basically, the Defendant now seeks that this Court dismiss the Indictment for the same reasons it sought that this Court grant a new trial. However, this Court has already found that no evidence existed that the government acted in bad faith and that the unintentional withholding of the evidence in question did not cause the Defendant the constitutional violations he now claims. See Docket No. 2488 at page 19. However, the Court hereby **DENIES** this motion based on the same findings and for the same reasons set forth in our Opinion and Order of October 8, 2010 (Docket No. 2488). Therefore, we refer to our analysis therein in support of our decision today.

In addition, the Defendant complains as grounds for his request for dismissal that in the government's omnibus response (Docket No. 2414) to the defendants' motions for new trial, it submitted for the first time an FBI 302 report that was allegedly exculpatory by nature. However, as set forth by the government in its opposition, and as the trial transcript so

reflects, the government turned over the 302's in question **during** trial, not after trial as asserted by the Defendant. See Docket No. 1583 at pages 73-76.

Whereas, in his motion to disqualify, Ramos also asserts that AUSA Avila failed to take corrective measures while government witnesses committed perjury at trial. Nevertheless, the Defendant fails to point out the specific portions of the testimonies he now claims consist of perjury, and also fails to evince such an assertion. In addition,"he offers no evidence that would lead to the conclusion that the government *knew* that the testimony was allegedly false." See Abrante v. St. Amand, 595 F.3d 11, 18 (1st Cir.2010). Accordingly, the Court disregards the Defendant's generalized and unfounded contentions.

Finally, Ramos also argues that AUSA Avila should be disqualified from further handling this case because her role as prosecutor in this case is in conflict with having been called as a witness in the evidentiary hearing held. See Docket No. 2471. Notwithstanding, as pointed out by the government in its response, a government prosecutor is not to be *automatically* disqualified as a trial advocate after testifying at a pretrial hearing. See U.S. v. Johnston, 690 F.2d 638, 646 (7th Cir.1982). In light of the circumstances of this case, the Court finds in its discretion that the need to disqualify AUSA Avila from further participation in this case has not arisen wherein AUSA Avila testified in an evidentiary hearing as to collateral issues and not substantive matters of this criminal case.

For the reasons set forth above, the Court **DENIES** Ramos motions to dismiss the indictment and to disqualify AUSA Avila (Dockets No. 2329, 2471).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 31, 2011.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> JUAN M. PÉREZ-GIMÉNEZ
> UNITED STATES DISTRICT JUDGE